UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:13-CV-1995 CAS |
| MIKE WYNN, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for entry of partial default judgment in the amount of $8,694.43, and for an order compelling defendants to produce books and records for an audit. For the following reasons, the motion will be granted in part and denied in part without prejudice.

**Background**

Plaintiffs filed this action on October 7, 2013 to recover from defendant Mike Wynn, d/b/a Wynn Decorating ("defendant Wynn"), fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs owed to the plaintiffs pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1332(g)(2) ("ERISA"), and pursuant to the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). Plaintiffs seek to recover the same damages from defendant Pamela Wynn pursuant to a Guaranty of Payment she executed of all amounts owed by defendant Wynn to the plaintiff union and benefit funds. On October 30, 2013, both defendants were served with the summons and complaint but have not filed an answer or other response to the complaint. On December 5, 2013, the Clerk of Court entered default against the defendants pursuant to Rule 55(a), Federal Rules of Civil Procedure.

Plaintiffs filed the instant motion for entry of partial default judgment on March 19, 2014. The Court ordered plaintiffs to supplement their motion by filing copies of the applicable collective bargaining agreements, including the signature pages signed by defendant Wynn, and the guaranty signed by defendant Pamela Wynn. Plaintiffs supplemented their motion for partial default judgment on April 3, 2014.

**Discussion**

Plaintiffs move for default judgment in the amount of $8,694.43 for unpaid fringe benefit contributions, liquidated damages, interest and attorneys' fees, for the period from November 1, 2009 to September 27, 2013. See Isgrig Aff. at 3, ¶¶ 10-11; Faul Aff. at 6.[1] Plaintiffs ask the Court to enter a default judgment against defendants for the "currently known damages, costs and attorneys' fees . . . on which they may immediately execute, with post judgment interest accruing." Pls.' Mem. Supp. Mot. for Entry of Default J. at 7. Plaintiffs also seek an order compelling defendant Wynn to submit for inspection and copying his business books and records related to his employees' compensation and benefits from the period November 30, 2013 to the present.

The Court will grant plaintiffs' motion in part and deny it in part without prejudice. The Court will grant plaintiffs' motion for an order compelling defendant Wynn to submit to a financial compliance examination so that plaintiffs can determine the amounts allegedly owed from November 30, 2013 to date. The Court will deny without prejudice plaintiffs' motion for a final

---

[1] Mr. Faul's affidavit states that plaintiffs seek judgment for their attorneys' fees in both this case and a prior case against the Wynns that was voluntarily dismissed, No. 4:13-CV-549 DDN (E.D. Mo.). Plaintiffs do not cite legal authority to support the proposition that they are entitled to recover attorneys' fees incurred in a prior case in the present action, nor do they indicate how much of their attorneys' fees are attributable to each case. The Court will not impose a judgment for attorneys' fees for a prior, voluntarily dismissed case in the absence of citation to pertinent legal authority indicating that such an award is proper.

2

default judgment in the amount of $8,694.43 for the period November 1, 2009 to September 27, 2013.

Plaintiffs cannot obtain a judgment in this case on which they may immediately execute and also an order of the Court requiring defendants to disclose information that could lead, presumably, to a second judgment in the case. Plaintiffs' motion does not seek a final judgment as to one or more parties or claims upon an express determination by the Court that there is no just reason for delay, as permitted by Rule 54(b), Fed. R. Civ. P. "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Rule 54(b), Fed. R. Civ. P. Because plaintiffs' motion does not seek a judgment that adjudicates all of their claims or the liabilities of all the parties, it actually seeks an interlocutory judgment, not a final judgment.

It is well established that execution ordinarily may issue only upon a final judgment. Gerardi v. Pelullo, 16 F.3d 1363, 1371 n.13 (3d Cir. 1994); International Controls Corp. v. Vesco, 535 F.2d 742, 744 (2d Cir. 1976); Redding & Co. v. Russwine Constr. Corp., 417 F.2d 721, 727 (D.C. Cir. 1969); East Maine Baptist Church v. Regions Bank, 2008 WL 1732936, at *4 (E.D. Mo. Apr. 10, 2008). An attempt to execute on an interlocutory judgment is invalid. Gerardi, 16 F.3d at 1371 n.13 ("[A] judgment that is not otherwise final, i.e., usually meaning final as to all issues and parties, is not subject to execution until the certification under Rule 54(b) is entered."); see also 30 Am.Jur.2d Executions and Enforcement of Judgments § 57 (2011) ("A writ of execution is invalid if based upon a judgment that was not final when the writ was issued, and the fact that the judgment became final [later] cannot lend life to the invalid writ.").

Plaintiffs may file an amended motion for default judgment once they have examined the financial records of defendant Wynn and ascertained the total amount due and owing by defendants for the time period of November 1, 2013 to date.[2]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Entry of Partial Default Judgment is **GRANTED in part** and **DENIED in part** without prejudice. The motion is **GRANTED** as to plaintiffs' motion for an Order compelling an accounting, and **DENIED** without prejudice as to the entry of a default judgment. [Doc. 10]

**IT IS FURTHER ORDERED** that defendant Mike Wynn, d/b/a Wynn Decorating, shall provide to plaintiffs not later than **May 5, 2014**, all of the books, ledgers, payroll records, cash disbursements ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to defendant's employees from November 1, 2013 to the present.

---

[2]The Court previously denied a similar motion in a separate case filed by the plaintiffs, in which they were represented by Mr. Faul, and instructed plaintiffs that it "intends to enter a single judgment that encompasses the entire amount owed to plaintiffs." Painters District Council No. 2 v. Diversified Drywall Sys., Inc., No. 4:11-CV-1823 CEJ (Mem. and Order of Apr. 9, 2012, at 2).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order to Mike Wynn, d/b/a Wynn Decorating, at the following address:

> Mike Wynn
> d/b/a Wynn Decorating
> 24 South Lang Dr.
> O'Fallon, Missouri  63366

**SO ORDERED**.

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of April, 2014.