UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:13-CV-1995 CAS |
| ) | |
| MIKE WYNN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' Motion for Contempt against defendant Mike Wynn, d/b/a Wynn Decorating. Plaintiffs' motion is accompanied by a memorandum in support and an affidavit of Charles Kinder, which states that defendant Wynn has not provided any of the records that he was ordered by the Court to produce. Defendant Wynn has not filed any response to the Motion for Contempt and the time to do so has passed.

**Background**

Plaintiffs filed this action on October 7, 2013 to recover from defendant Mike Wynn, d/b/a Wynn Decorating ("defendant Wynn"), fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs owed to the plaintiffs pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1332(g)(2) ("ERISA"), and pursuant to the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). Plaintiffs seek to recover the same damages from defendant Pamela Wynn pursuant to a Guaranty of Payment she executed of all amounts owed by defendant Wynn to the plaintiff union and benefit funds. On October 30, 2013, both defendants were served with the summons and complaint but have not filed an answer or other response to the complaint.

On December 5, 2013, the Clerk of Court entered default against the defendants pursuant to Rule 55(a), Federal Rules of Civil Procedure.

On April 7, 2014, the Court issued a Memorandum and Order that, among other things, granted plaintiffs' motion to compel and ordered defendant Wynn to "provide to the plaintiffs not later than **May 5, 2014**, all of the books, ledgers, payroll records, cash disbursements ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to defendant's employees from November 1, 2013 to the present." Mem. and Order at 4.

**Discussion**

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . ." Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Greater St. Louis Constr. Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Constr. Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that defendant Wynn did not produce books and records as ordered. At this point, the burden shifts to defendant Wynn to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability to comply must establish that (1) he was unable to comply, explaining why "categorically and in detail;" (2) his inability to comply was not "self-induced;" and (3) he made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Mike Wynn is ordered to show cause why he should not be held in contempt of Court for failure to produce books and records as ordered on April 7, 2014.

3

**IT IS FURTHER ORDERED** that a hearing is set for Tuesday, **July 1, 2014,** at **2:30 p.m.** in Courtroom No. 3-N of the Thomas F. Eagleton United States Courthouse, at which defendant Mike Wynn may show cause why civil contempt sanctions should not be imposed against him for failure to comply with the Court's Order of April 7, 2014.  <u>Because incarceration is a possible civil contempt sanction, defendant Wynn has the right to representation by counsel</u>.  **Failure to appear for the hearing as ordered may subject defendant Wynn to arrest by the United States Marshal's Service**.

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order on defendant Mike Wynn, d/b/a Wynn Decorating, at 24 South Lang Drive, O'Fallon, Missouri 63366, or wherever he may be found.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   29th   day of May, 2014.